LOTTINGER, Judge.
This is a suit to have a judgment of possession set aside. The plaintiffs, collateral relations of the deceased, also seek to be declared the sole heirs and to have a sale of former property of the succession set aside. The defendants, the alleged natural father of the deceased and the buyer of the former succession property, filed an exception of no right and/or no cause of action. From a trial court judgment granting defendants’ exception, plaintiffs appeal.
FACTS
The facts alleged in plaintiffs’ petition, which we assume to be true for the purpose of deciding the correctness of the granting of the exception, are as follows. Bella Callihan had six acknowledged illegitimate children. Four of these children of Bella are plaintiffs herein, along with the descendants of the already-deceased fifth child. The sixth child of Bella was Alice Callihan. Alice had one acknowledged illegitimate daughter, Ethel Crusta. Ethel Crusta died on September 19, 1967; it is her succession which is at controversy here.
Ethel Crusta died childless and after the death of her mother Alice. The only known surviving relatives of Ethel were the plaintiffs, her aunts, uncles and cousins. The petition alleges that the defendant, Sam Saragusa, improperly acknowledged Ethel Crusta as his daughter.
ISSUES
The sole issue is whether the plaintiffs, aunts, uncles and cousins of the decedent, have a right to inherit from the decedent and, therefore, also a cause of action to annul the judgment of possession.
The law to be applied is the succession law as it stood prior to the effective date of the Louisiana Constitution of 1974 since the decedent died in 1967. See Succession of Clivens, 426 So.2d 585, on rehearing, (La.1983).
The question as to whether the plaintiffs here, collateral relations of the illegitimate decedent, can inherit from her has been answered by earlier cases. In Montegut v. Bacas, 42 La.Ann. 158, 7 So. 449 (1890), the Supreme Court ruled that under La.Civ.Code art. 917 (now repealed), “natural” collaterals, i.e. collateral relations of an illegitimate, may not inherit from the illegitimate relation. La.Civ.Code art. 923 gave natural brothers and sisters and their descendants the right to inherit from an illegitimate, but the “collateral relations” spoken of in Article 917 refers only to legal or lawful collaterals. Montegut v. Bacas, supra. Since plaintiffs here are only natural collaterals they have no cause of action under Louisiana law as it stood in 1967.
For the above and foregoing reasons, the trial court judgment appealed from is affirmed; appellants are to pay all costs.
AFFIRMED.